Desktop vStip__

*E-FILED 5/10/06*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SYSLUTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITECT, INC., formerly doing business as CITECHNOLOGIES, INC., a North Carolina Corporation, and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. C 06-00125 JW<br><br>**STIPULATED PROTECTIVE ORDER** |

   Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

   1.   In this action and any related proceedings (collectively, the "Proceedings"), at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

Desktop vStip__

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the Parties in the manner provided in paragraph 3 below as containing: trade secrets, confidential or proprietary information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

(a) By imprinting the word "Confidential" or "Highly Confidential--Attorneys' Eyes Only" on each page of any document produced;

(b) By imprinting the word "Confidential" or "Highly Confidential—Attorneys' Eyes Only" next to or above any response to a discovery request; and

(c) With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" no later than ten calendar days after receipt of the transcribed testimony.

4. Certain limited documents and other information that contain trade secret or other highly proprietary and confidential information of the parties can be designated "Highly Confidential—Attorneys' Eyes Only" where there is a substantial reason to preclude one or more other parties from becoming aware thereof which outweighs the claimed needs of those parties.

5. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

(a) It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

STIPULATED PROTECTIVE ORDER

Page 2

Desktop vStip__

(b) It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

(c) Further, Confidential Information designated as "Highly Confidential—Attorneys' Eyes Only" shall not be communicated in any manner, either directly or indirectly, to any person or entity, including the parties, other than outside attorneys for the parties (excluding in-house counsel), necessary employees of such outside attorneys, and bona fide outside experts of a party. Confidential Information designated as "Highly Confidential—Attorneys' Eyes Only" may be disclosed to bona fide outside experts of a party only under the following conditions.

(i) Such experts shall be identified in a writing delivered via overnight mail to all other counsel that sets forth the full name and residence address of the expert, attaches a copy of the expert's current curriculum vitae, and identifies all proceedings in which the expert has provided professional services during the preceding five (5) years.

(ii) No counsel serves a written objection via overnight mail to disclosure to such expert within five (5) business days of receiving such notice.

(iii) Within five (5) business days of receiving any written objection, the parties shall meet and confer via direct voice to voice dialogue regarding the basis for the objection in an attempt to resolve the issues.

(iv) Any counsel still objecting to such disclosure must, within five (5) business days of the meet and confer conference, file a motion with the Court seeking to disqualify the expert as a person eligible to receive "Confidential Information." Upon the receipt of such a written objection and subsequent

Desktop vStip__

filing of a motion, no Confidential Information shall be disclosed to the expert until the Court has ruled on the motion.

(d) Prior to disclosure of any designated Confidential Information to consulting or testifying expert witnesses, counsel shall secure the expert's signature on an agreement in the form attached as Exhibit A hereto, that such expert will be bound by the terms and conditions contained in this Stipulated Protective Order.

6. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 7 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

Desktop vStip__

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

10. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 9 above, except to the extent that one copy of Confidential Information may be delivered to each bona fide outside expert, subject to the provisions of paragraph 5 above.

11. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other Parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute by, inter alia, direct voice to voice dialogue. If after such good faith attempt all counsel are unable to resolve their dispute, counsel claiming information as Confidential may move for an order establishing the information as Confidential consistent with this order. Any such motion shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion. In any proceeding regarding Confidential Information, the party claiming information as Confidential shall have the burden of so proving.

12. At the trial, Confidential Information may be utilized, but the disclosing party may request the Court to make such orders as appropriate to protect competitive advantages or needs. In the event Confidential Information is used in any court filing or proceeding in this action including, but not limited to, its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise

Desktop vStip__

kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of the local rules of this Court and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598–602 (1978).

13.  The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order in the Proceedings.

14.  By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15.  Upon termination of the Proceedings, including any appeals, each Party's counsel shall immediately return to the producing party or certify the destruction of all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.  At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 7 herein.

16.  Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17.  Acceptance by a party of any information, document, or thing identified as "Confidential" or "Highly Confidential--Attorneys' Eyes Only" hereunder shall not constitute a concession that the information, document or thing is, in fact, confidential.

Page 6

STIPULATED PROTECTIVE ORDER

Desktop vStip__

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  | DATED:  May 2, 2006 | /S/    TOM FIER |
   |---|---|
   |  | Attorneys for Plaintiff |
3  | DATED:  May 10, 2006 | /S/    MARCIA E. GERSTON |
   |  | Attorneys for Defendant |

6  PURSUANT TO STIPULATION, IT IS SO ORDERED

7  this __10th__ day of _____May_____, 2006

   _____
   Richard Seeborg
   United States Magistrate Judge